IMAM ALI ABDULLAH AKBAR,
Plaintiff–Appellant,

v.

J. P. CANNEY, Head of Classification, Ohio Department of Corrections; and Wallace E. Stein, Head Record Clerk, Southern Ohio Correctional Facility, Defendants–Appellees.

No. 79–3323.

United States Court of Appeals,
Sixth Circuit.

Submitted July 17, 1980.
Decided Nov. 5, 1980.

**340**

Imam Ali Abdullah Akbar, pro se.

William J. Brown, Atty. Gen. of Ohio, Marc S. Kadetz, Columbus, Ohio, for defendants–appellees.

Before KENNEDY and MARTIN, Circuit Judges; PECK, Senior Circuit Judge.

PER CURIAM.

The appellant is a prisoner in the Southern Ohio Correctional Facility at Lucasville. During his imprisonment he has adopted the Sunni Muslim religious faith and has changed his name from Ronald Scheels to Ali Abdullah Akbar. The prison authorities refused to change their records to reflect his new name and he sought relief in the District Court. His pro se civil rights complaint was dismissed on the theory that there was no legal basis to require the prison officials to change their records when a prisoner chose to change his name.

■ The complaint also alleged that the prison officials had refused to change the records of other Sunni Muslim inmates, thereby creating grounds for a class action. Damages, declaratory and other injunctive relief were also sought. The District Court, after granting permission to proceed *in forma pauperis*, determined that the only basis for the claim was the First Amendment in conjunction with 42 U.S.C. § 1983. The essence of appellant's assertions is his claim of the denial of freedom of religion growing out of the refusal of prison officials to change their records to incorporate his new name. While we accept the requirement that such assertions must be liberally construed as mandated by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the complaint fails to indicate an "infringement of a constitutionally cognizable First Amendment right." *Sequoyah v. T.V.A.*, 620 F.2d 1159 (6th Cir. 1980).

The question of a prisoner's right to change his name does not appear to be the question raised by this appeal. Rather we are asked to determine whether prison officials must change all their records to reflect the newly adopted name of a prisoner who has changed his name upon acceptance of the Sunni Muslim religion. We do not believe so. This record does not indicate prison regulations included any prohibition against a prisoner assuming a new name nor was there a denial of any prison benefit because of the use of the new name. As we view this record, the only act complained of by appellant is a matter of prison record keeping. We do not believe that any inmate has a constitutional right to dictate how prison officials keep their prison records.

■ As we see this issue, the present question of name change usage relates to prison administration. Absent unusual allegations such matters are for state prison officials to resolve. Intervention by the federal courts should only be in the very unusual case. *See Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 99 S.Ct. 1861, 1874 n. 23, 60 L.Ed.2d 447 (1979). We agree with Judge Porter of the District Court when he stated:

> Prison administration presents unique difficulties and the burden imposed on the plaintiff in the instant case by the defendants' use of his non–Muslim name clearly is outweighed by the administrative difficulties and confusion which would confront prison officials in attempting to amend commitment papers of every prisoner who embraces the Islamic faith and changes his name.

The judgment of the District Court is affirmed.