**Mary ROYSTER, et al., Plaintiffs,**

v.

**Debbie MARTIN, et al., Defendants.**

**No. C–1–82–1330.**

United States District Court,
S.D. Ohio, W.D.

March 11, 1983.

Trudy D. Rauh, Cincinnati, Ohio, for plaintiffs.

Michael J. Voris, Cincinnati, Ohio, for defendants.

### OPINION AND ORDER DENYING MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter came on for consideration of the motion of defendants Debbie and Michael E. Martin to dismiss and for summary judgment (doc. 4) and plaintiffs' memorandum in opposition (doc. 5).

This is a housing discrimination case brought by plaintiffs pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982 and the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq. Plaintiffs, who are Black citizens, attempted to purchase from the defendants a condominium in Amelia, Ohio, but were refused allegedly because of their race. Defendants contend, in support of their motion to dismiss or for summary judgment, that because plaintiffs did not follow the administrative complaint procedure of 42 U.S.C. § 3610, this action is barred as such administrative procedure is a jurisdictional prerequisite to the maintenance of an action in the United States District Court under 42 U.S.C. § 3610. Plaintiffs respond that the complaint procedures set forth in 42 U.S.C. § 3610 are permissive and not mandatory and are recognized as distinct and separate and alternative remedies to the filing of the law suit in the United States District Court, *citing Gladstone Realtors v. Village of Bellwood,*

441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979); *Fair Housing v. Multiple Listing Service,* 422 F.Supp. 1071 (D.N.J.1976); and *Crim v. Glover,* 338 F.Supp. 823 (S.D.Ohio 1972). We agree with plaintiffs and find that they are entitled to proceed under the Fair Housing Act, even though they have not pursued any administrative remedies. Further, plaintiffs are entitled to pursue all remedies provided in the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982, directly in the United States District Court. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

Accordingly, it is the conclusion of the Court that defendants' motions should be and the same are hereby denied.

SO ORDERED.