780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOHN THOMAS MAYHER, II, Plaintiff-Appellant,
v.
ARTHUR TATE, JR., Defendant-Appellee.
 85-3690
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; and MARTIN and JONES, Circuit Judges.
 
 
 1
 Mayher moves for counsel on appeal from the district court's grant of summary judgment in favor of the defendant in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Mayher's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Mayher is a prisoner at the Chillicothe Correctional Institute in Chillicothe, Ohio. He alleges that the prison officials violated his constitutional rights by refusing to use his true name and instead insisting on using the name found on his entry of conviction in the state court. He also alleged that prison officials interfered with his mail and that they confined him to administrative segregation because he refused to go by the name required by the prison.
 
 
 3
 The district court concluded that there is no constitutional right to dictate to prison officials what name they must use to keep track of a prisoner. Akbar v. Canney, 634 F.2d 339, 340 (6th Cir. 1980), cert. denied, 450 U.S. 1002 (1981). The court found that Mayher had brought his mail problems on himself by his refusal to recognize the name used by the prison. Finally, the court also concluded that there was no eighth amendment violation because documents submitted by the defendant showed that Mayher was confined to administrative segregation on the basis of his misconduct in the prison unrelated to the problem with his name.
 
 
 4
 After an examination of the record, we agree with the conclusions of the district court. The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.