Asad E. MUJIHADEEN and Herbert Abdus Salaam, Plaintiffs,

v.

Captain COMPTON, et al., Defendants.

Civ. No. 84–1247.

United States District Court, W.D. Tennessee, E.D.

Dec. 30, 1985.

Asad E. Mujihadeen and Herbert Abdus Salaam, Tiptonville, Tenn., pro se.

Raymond Leathers, Asst. State Atty. Gen., Nashville, Tenn., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

TODD, District Judge.

Before the Court is Defendants' motion for summary judgment in this 42 U.S.C. § 1983 action. Plaintiffs allege that their rights to due process and freedom of religion have been violated as a result of the "guild restriction" imposed upon them because of their refusal to accept prisoner I.D. cards with both their "committed" name and their adopted Muslim name on them. Plaintiffs allege that requiring both names on the card violates their First Amendment right to freedom of religious expression, and that the informal disciplinary determination that they would be confined to guild resulting from their refusal to accept the "dual" I.D. cards violated their rights of due process.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate only where there is no genuine issue as to any material fact in an action and the moving party is entitled to judgment as a matter of law. *Felix v. Young*, 536 F.2d 1126 (6th Cir.1976). There is a reluctance in general to grant summary judgment in civil rights actions involving questions of knowledge, motives, deliberate indifference, and other similar questions, which are often best left for the finder of fact to answer. See, e.g., *West Side Women's Services, Inc. v. City of Cleveland*, 573 F.Supp. 504 (N.D.Ohio 1983); *see generally*, C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure § 2732.2 (2d ed. 1983). However, if it is clear that there is no constitutional basis supporting a claim for relief, summary judgment will be appropriate. *Royster v. Martin*, 562 F.Supp. 623 (S.D.Ohio 1983).

■ The Court finds that a requirement that both committed names and names adopted for religious purposes be included on a prison I.D. card does not violate a prisoner's First Amendment right to freedom of religious expression. *Akbar v. Canney*, 634 F.2d 339 (6th Cir.1980).

■ The Court also finds that the guild restriction imposed on Plaintiffs in this instance did not violate their limited Due Process rights. Defendants' affidavits establish that Plaintiffs were first taken to Captain Compton's office, where the regulation requiring both names was explained to them and they were given an opportunity to accept the new I.D. cards. If Plaintiffs were not segregated or restricted after then refusing to accept the cards, prison officials would then have been faced with prisoners free to roam the prison compound without proper identification, in violation of very important prison policy. In light of the security needs of the prison, the guild restriction imposed upon Plaintiffs prior to their "hearing" can be seen as an administrative segregation imposed to protect the security of the institution. Plaintiffs have very little Due Process protection under these circumstances, namely, the minimal right to an "informal, non-adversary review of the information supporting [Defendants'] administrative confinement." *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983).

Defendants' affidavits establish that the only confinement suffered by Plaintiffs occurred prior to the "hearing" before the Disciplinary Board, at which Plaintiffs were given an opportunity to accept the new I.D. cards and again informed that being without them would be a disciplinary violation. Plaintiffs were not punished as a result of this meeting.

Having determined that Plaintiffs' limited Due Process rights were not violated by the administrative-type segregation imposed upon them after an informal, non-evidentiary, non-adversary "hearing," and that Plaintiffs have no First Amendment right not to accept I.D. cards with both

"committed" names and legal names thereon, the Court hereby determines that there are no genuine issues of material fact, and that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants are granted summary judgment as to all issues in this cause.

IT IS SO ORDERED.