**Elijah Ismail RAHMAN, Plaintiff,**

v.

**Thomas STEPHENSON, Defendant.**

**Civ. No. 85–1111.**

United States District Court,
W.D. Tennessee, E.D.

Jan. 3, 1986.

Elijah Ismail Rahman, pro se.

Wayne E. Uhl, Asst. Atty. Gen., Nashville, Tenn., for defendant.

## ORDER OF DISMISSAL

TODD, District Judge.

Before the Court is Defendant's motion to dismiss this 42 U.S.C. § 1983 action. Defendant contends that Plaintiff fails to state a claim upon which relief may be granted, and that in any event Defendant has qualified immunity from suit under Section 1983. For the reasons stated herein, Defendant's motion is, GRANTED.

Plaintiff complains of Defendant's refusal to place him on the Lake County Regional Prison sick call roster under his adopted religious name, which is not his legal name. When Plaintiff attempted to do so, Defendant removed his name from the roster, resulting in Plaintiff missing sick call for that day. Plaintiff asserts that his First Amendment right to freedom of religious expression has been violated, as well as his Eighth Amendment right to be free from the denial of medical treatment while in prison.

A prisoner does have the right to legally change his name for religious reasons. Further, several courts have recognized a limited right to recognition of the new name by prison officials. Inmates do not, however, have the right to require prison officials to change their internal record-keeping and identification procedures whenever an inmate changes his name, legally or otherwise. *Akbar v. Canney*, 634 F.2d 339 (6th Cir.1980), *cert. denied* 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1981). This Court recently held that even where an inmate had legally changed his name for religious reasons prison administrators could still constitutionally require that the inmate's "committed" name be on his prisoner identification card as well as his new religious name. *Mujihadeen v. Compton*, 627 F.Supp. 356 (W.D.Tenn.1985). The Court must now decide what recognition, if any, prison administrators must constitutionally give to a name an inmate uses for religious reasons but does not legally adopt.

*Mujihadeen v. Compton* represents this Court's view of the balance between prisoners' rights to freedom of religious expression and the state's compelling interest in the control, administration and security of prison institutions. Allowing the inmate to legally change his name and to include that name on his identification card ensures that the inmate retains his limited right to freedom of religious expression, while allowing prison administrators to include the inmate's previous, or "committed," name on the card satisfies the compelling need for a workable system to keep track of the prison population. The Court does not now believe that this balance between the state's compelling interests and inmates' religious freedom warrants allowing inmates to change names at will and impose such confusion upon prison officials. *Cf. Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

If inmates were allowed to change names at will and to impose each and every name change upon prison officials, these officials would be unable to trace inmate movement through the prison system, protect against fraudulent use of inmate names, or quickly identify inmates who escape or commit crimes within an institution. These arguments are not only forceful but compelling.

It is undisputed that Tennessee Department of Corrections policy allows an inmate some recognition of his religious name if the inmate legally adopts the name. Plaintiff here has not legally changed his name, and is not entitled to the benefits of this policy. While this Court does not wish to deny prison inmates the

right to religious freedom, a prisoner's constitutional right to religious freedom can properly be limited by the legitimate need of prison administrators to be able to keep track of their inmate population. As stated in *Salahuddin v. Coughlin,* 591 F.Supp. 353, 358–359 (S.D.N.Y.1984), a New York case involving similar prison policy:

> Statutory name changes are speedy, definite, and a matter of record, so as to be easily proved. Prison officials have a legitimate interest in avoiding confusion and simplifying record-keeping. The easy availability of the statutory scheme constitutes the "reasonable opportunity to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments." Common-law name change, even for religious purposes, is among the rights that plaintiffs lost as "inconsistent with their status as prisoner[s] of the correction system." [Citations omitted].

*Id.*

■ The *Salahuddin* case is precisely on point, and its reasoning is compelling. A prisoner who has adopted a new name, for religious or any other reasons, but has not legally changed his name, cannot sustain a claim that his right to religious freedom is violated when prison officials fail to recognize his new name.

Given that the refusal to recognize Plaintiff's adopted name was not unconstitutional in this instance, it can also be said that as a matter of law Defendant is not liable for Plaintiff's failure to obtain medical care. Had Plaintiff followed valid prison policy and used his legal name on the sick call roster, he would have received the same opportunity for medical treatment as any other prisoner who properly placed his name on the roster. Further, there is no allegation or showing that Plaintiff's serious medical needs were deliberately ignored. *Inmates, Washington County Jail v. England,* 516 F.Supp. 132 (E.D.Tenn. 1980), *aff'd* 659 F.2d 1081 (6th Cir.1981). Plaintiff here likewise fails to state a claim upon which relief may be granted.

Plaintiff also claims a violation of his civil rights based on the offensive language he alleges Defendant used during an argument with Plaintiff regarding the sick call incident. It is well-settled that mere threats, abusive language or verbal harassment by prison officials do not support liability under 42 U.S.C. § 1983. *Freeman v. Trudell,* 497 F.Supp. 481 (E.D.Mich. 1980). This claim is, therefore, dismissed as well.

■ This Court has held, in summary, that Plaintiff had no right to impose his informal name change upon prison officials, that his Eighth Amendment right to medical treatment was not violated by Defendant's refusal to include Plaintiff's adopted name on the sick call roster, and that no constitutional violation resulted from the argument between Plaintiff and Defendant regarding the sick call incident. Plaintiff's action is, therefore, DISMISSED, as no claim has been stated upon which relief may be granted.

Because Plaintiff fails to state any claim under 42 U.S.C. § 1983, the Court need not reach the question of whether Defendant is entitled to qualified immunity.

IT IS SO ORDERED.