856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Is'Mail M. Shuaib; Kareem Mu'Meen Ullah; Prince Lemuel
Muhammad Mahdi; Umar Sabree; Khalil-Ullah
Al-Muhaymin; Prince J.R. Tariq; Abd
Allah Ali Hakeem, Plaintiffs-Appellants,
v.
Betty STIDDUM; Stephen Norris; Franklin, Sgt.; Capley,
Correctional Officer, Defendants-Appellees.
 No. 88-5227.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1988.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges, and PATRICK J. DUGGAN, U.S. District Judge*.
 
 ORDER
 
 2
 These pro se plaintiffs appeal an order of the district court which dismissed their civil rights action filed pursuant to 42 U.S.C. Sec. 1983. They now move for leave to supplement the record. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs, inmates at the Morgan County Regional Correctional Facility, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Middle District of Tennessee. As the factual basis of their claims, plaintiffs related that subsequent to their incarceration they had become members of the Islamic faith and had therefore adopted Muslim names in substitution for their given names. Plaintiffs further alleged that defendants were aware of these changes but declined to recognize them by using plaintiffs' new name either verbally or in institutional records. Plaintiffs then characterized that refusal as violative of their right to freedom of religion under the first amendment, as impermissible harassment, all of which is contrary to Tennessee statutory and regulatory authority. The district court, however, determined that none of plaintiffs' allegations stated a deprivation of constitutional significance so as to give rise to a cause of action under 42 U.S.C. Sec. 1983. Consequently, the district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 4
 A court may properly dismiss an action as frivolous if, upon review of the complaint, it can conclude that the plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). The district court correctly applied that standard in this case. First, it is well established that the failure to refer to an inmate by a legally-adopted name simply is not violative of the first amendment right to freedom of religion. Akbar v. Canney, 634 F.2d 339, 340 (6th Cir.1980) (per curiam), cert. denied, 450 U.S. 1002 (1981). Moreover, insofar as plaintiffs characterized defendants' conduct both as violative of Tenn.Code Ann. Sec. 41-1-103 and as acts of intentional harassment, those allegations simply will not support a cause of action under 42 U.S.C. Sec. 1983. Tenn.Code Ann. Sec. 41-1-103 does not confer upon plaintiffs any entitlement to be called by a particular name and this court has recently held that acts of harassment alone will not serve as the basis of a civil rights action. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam). Lastly, plaintiffs' claim that Tennessee Department of Corrections Policy Directive 506.13 requires defendants to use their new legally-adopted religious names must also fail due to the operation of the rule of law established in Parratt v. Taylor, 451 U.S. 527, 543-44. Under that case, plaintiffs, who have alleged a random and unauthorized deprivation of a state-created liberty interest, must plead and prove the inadequacy of any state remedy which might be available to them. Review of the record discloses that plaintiffs have already successfully resorted to an internal grievance procedure which has resulted in an order directing the use of their legal names. Under such circumstances, plaintiffs can not now maintain an action under 42 U.S.C. Sec. 1983.
 
 
 5
 Accordingly, for the foregoing reasons the motion to supplement the record is hereby denied and the final order of the district court entered January 26, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Court, Eastern District of Michigan, sitting by designation