

NUMBER 13-13-00685-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KIRSON BARNES

**On appeal from the 24th District Court
of DeWitt County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

By four issues, which we treat as one, appellant Kirson Barnes asserts that the trial court abused its discretion in denying his petition for a name change under the Texas Family Code. *See* TEX. FAM. CODE ANN. § 45.102 (West, Westlaw through 2013 3d C.S.). We affirm.

## I.  BACKGROUND

On October 21, 2013, Barnes filed a pro se petition for name change in the trial court under section 45.102 of the Texas Family Code.   *See id.*   In his petition, Barnes asserted the following facts:    (1) he is currently incarcerated for a felony conviction at the Texas Department of Criminal Justice—Institutional Division's Stevenson Unit in Cuero, Texas; (2) his date of birth is June 30, 1975; (3) he submitted the petition solely for religious reasons in accord with his faith of Islam; and (4) he requested that his new name be "Kirson Mujahid Sayf-Udiyn."   Barnes argued for the name change based upon his First Amendment rights, the "sincerity of his faith," and not to confuse his criminal record.

On November 15, 2013, without a hearing, the trial court denied Barnes's petition and cited section 45.103(a) of the Texas Family Code in support of its decision.[1] This appeal followed.

## II.  DISCUSSION

By four issues, which we treat as one issue with four arguments, Barnes asserts that the trial court abused its discretion in denying his petition for name change.

### A. Applicable Law and Standard of Review

Chapter 45, Subchapter B, of the Texas Family Code controls the change of an adult's name in Texas.   *See generally id.* §§ 45.101–.106 (West, Westlaw through 2013 3d C.S.).   An adult may file a petition requesting a change of name in the county of the adult's place of residence.   *Id.* § 45.101.

---

[1] This is implied from the trial court's order denying Barnes's petition.   After the prayer paragraph of Barnes's petition for name change, the trial court circled "denied" and drew a line to a handwritten citation to "Family Code § 45.103(a)."   The trial court also signed and dated the denial.

A petition to change an adult's name must be verified and include the following information: (1) the present name and place of residence of the petitioner; (2) the full name requested for the petitioner; (3) the reason for the requested change in name; (4) whether the petitioner has been the subject of a final felony conviction; (5) whether the petitioner is subject to the registration requirements of Chapter 62 of the code of criminal procedure; and (6) a legible and complete set of the petitioner's fingerprints on a fingerprint card format acceptable to the Department of Public Safety and the Federal Bureau of Investigation. *Id.* § 45.102(a). Additionally, the petition must include each of the following, or a reasonable explanation as to why the required information is not included: (1) the petitioner's full name, sex, race, date of birth, driver's license number for any driver's license issued in the 10 years preceding the date of the petition, social security number, and assigned FBI number, state identification number, if known, or any other reference number in a criminal history record system that identifies petitioner; (2) any offense above the grade of Class C misdemeanor for which the petitioner has been charged; and (3) the case number and the court if a warrant was issued or a charging instrument was filed or presented for an offense listed in subsection (2). *Id.* § 45.102(b).

A trial court shall order a change of name under Chapter 45, Subchapter B, if the change is in the interest or to the benefit of the petitioner and in the interest of the public, so long as the person does not have a final felony conviction or is not subject to the registration requirements of Chapter 62 of the code of criminal procedure. *Id.* § 45.103(a). A trial court may order a name change for a person with a final felony conviction, if the change is in the interest or benefit of the petitioner and in the interest of the public, *see id.* § 45.103(a), and the person has received a certificate of discharge by

3

the Texas Department of Criminal Justice or completed a period of community supervision or juvenile probation order by a court and not less than two years have passed from the date of the receipt of discharge or completion of community supervision or juvenile probation, or the person has been pardoned. *Id.* § 45.103(b). Likewise, a court may order a change of name for a person subject to the registration requirements of Chapter 62 of the code of criminal procedure, if, in addition to meeting the requirements of section 45.103(a), the person provides the trial court with proof that the person has notified the appropriate local law enforcement authority of the proposed name change. *Id.* § 45.103(c).

Whether a petition for name change is granted is a matter of judicial discretion. *In re Mayol*, 137 S.W.3d 103, 105 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *In re Erickson*, 547 S.W.2d 357, 358 (Tex. App.—Houston [14th Dist.] 1977, no writ). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

## B. Discussion

On appeal, Barnes presents four issues for this Court's review: (1) "[w]hether [the trial court] failed to investigate . . . [or] acknowledge [Barnes's] 1st [A]mendment right and progress as [an] Imam, coordinator and teacher of the Islamic faith?"; (2) "[w]hether [the

4

trial court] sees the expression presented in the identity of petitioner's name change?"; (3) "[w]hether the trial court understands the religious claim and rights upon petitioner?"; and (4) "[w]hether [the trial court] acknowledges the history of name changing by force during slavery?"   Despite presenting these four issues in his appellate brief, Barnes reasserts on appeal the same arguments made to the trial court in his petition for name change.    Accordingly, we will analyze these arguments in turn.

First, Barnes argues that his name change should be permitted pursuant to his First Amendment rights under the United States Constitution. *See* U.S. CONST. amend. I. In support, Barnes cites to three federal decisions, which we find distinguishable and inapplicable.    In two cases cited by Barnes, the petitioner successfully changed his name, according to the laws of his respective state, prior to asserting the petitioner's First Amendment rights. *See Hakim v. Hicks*, 223 F.3d 1244, 1246 (11th Cir. 2000) ("[Hakim] obtained from the State of Florida a legal name change to his Muslim name."); *Ali v. Dixon*, 912 F.2d 86, 87 (4th Cir. 1990) ("[Ali's] name change is official under North Carolina law."). Accordingly, these cases are unpersuasive.    The third federal case relied upon by Barnes, *Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980), does not deal with a First Amendment claim related to a name change, but instead deals with whether a prison official must change his records to reflect the newly adopted name of a prisoner who has changed his name upon acceptance of the Sunni Muslim religion.    In any event, the Sixth Circuit answered that issue in the negative and held that an inmate does not have a "constitutional right to dictate how prison officials keep their prison records." *Id.*   We find the *Canney* case distinguishable and inapplicable to our analysis.

Next, Barnes argues that a criminal conviction alone is not enough to deny his right to a name change. In support, he cites a Tennessee Court of Appeals decision, *In re Ely*, which held that "conviction of a felony, by itself, is not grounds to deny a name change petition." No. M2000-01937-COA-R3-CV, 2004 WL 383304, at *1 (Tenn. Ct. App. March 1, 2004). Unlike Texas's blanket "final felony conviction" limiting language, *see* TEX. FAM. CODE ANN. § 45.103(a), the Tennessee statute regulating name changes specifies only certain convictions for which name changes are prohibited. *See* TENN. CODE ANN. § 29-8-101 (West, Westlaw through 2015 1st R.S.). However, our analysis calls for an interpretation and application of Texas law, so we find *In re Ely* unpersuasive to this analysis.[2]

In this case, even assuming that Barnes met the requirements of section 45.102(a), Barnes judicially admitted in his pleading that he is currently incarcerated in the Texas Department of Criminal Justice—Institutional Division for a felony conviction. *See DowElanco v. Benitez*, 4 S.W.3d 866, 871 (Tex. App.—Corpus Christi, no pet.) ("A judicial admission is a formal waiver of proof, usually found in pleadings or the stipulations of the parties, that dispenses with the production of evidence on an issue and bars the admitting party from disputing it."). A "final felony conviction" prohibits a petitioner in Texas such as Barnes, who is still incarcerated, from seeking a name change. *See also* TEX. FAM. CODE ANN. § 45.103(a). Therefore, having reviewed the record, we hold that the trial court did not abuse its discretion in denying Barnes's request for name change pursuant to this provision. We overrule Barnes's sole issue.

---

[2] We likewise find Barnes's reliance on *In re Crushelow*, 926 P.2d 833 (Utah 1996) misplaced because it deals with an interpretation of Utah's name-change law rather than Texas law.

### III.    Conclusion

We affirm the trial court's order denying Barnes's petition for name change.

GINA M. BENAVIDES,
Justice

Delivered and filed the
21st day of May, 2015.