Paul Anthony BANKS, Plaintiff,

v.

John KLAPISH, et al., Defendants.

No. G88–275 CA1.

United States District Court,
W.D. Michigan, S.D.

June 9, 1989.

Paul Anthony Banks, Grand Rapids, Mich., in pro. per.

Frank J. Kelley, Atty. Gen. by Pamela J. Niemiec, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## OPINION

HILLMAN, Chief Judge.

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Michigan Reformatory (MR) in Ionia, Michigan. Defendants Klapish (corrections officer), Adams (deputy warden), and Howell (hearing officer) are all employed at MR. Plaintiff's *pro se* complaint alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[1]

---

1. Plaintiff has also claimed that his First Amendment rights have been violated. However, plaintiff has not alleged any facts to support such a vague and conclusory statement.

Defendants have moved for summary judgment, Fed.R.Civ.P. 56, supporting the motion with their affidavits and various attachments. Plaintiff has filed a response. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Once defendants show that "there is an absence of evidence to support the nonmoving party's case," plaintiff has the burden of coming forward with evidence raising a triable issue of fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. To sustain this burden, plaintiff may not rest on the mere allegations of his pleadings. Fed.R.Civ.P. 56(e). Instead, plaintiff must set forth *specific facts* showing that there is a genuine issue for trial. *Id.; see Potter's Med. Center v. City Hosp. Ass'n,* 800 F.2d 568, 572 (6th Cir.1986); *Davis v. Robbs,* 794 F.2d 1129, 1130 (6th Cir.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986). Applying these standards, the court concludes that defendants are entitled to judgment as a matter of law.

## DISCUSSION

### A. *Defendant Howell*

■ Defendant Howell found plaintiff guilty at a misconduct hearing of disobeying a direct order and threatening behavior. Defendant Howell is a hearing officer employed by the Michigan Department of Corrections. As a professional hearing officer, defendant Howell is entitled to absolute judicial immunity for acts within her jurisdiction. The Sixth Circuit has recently ruled that prison hearing officers in the Michigan system are entitled to absolute judicial immunity. *Shelly v. Johnson,* 849 F.2d 228 (6th Cir.1988) (per curiam), *aff'g,* 684 F.Supp. 941 (W.D.Mich.1987). The court in *Shelly* relied upon the provisions of Michigan law that require hearing officers to be attorneys and invest them with the power to conduct formal, adversary proceedings in prison misconduct cases, independent from the prison administration. Mich.Comp. Laws §§ 791.251–791.255. Michigan hearing officers are therefore analogous to federal administrative law judges, found to be absolutely immune in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), as the hearing officer's function is "functionally comparable" to that of a judge.

The allegations of plaintiff's complaint challenge the acts of defendant Howell in conducting an administrative hearing, a quasi-judicial act within her jurisdiction as a hearing officer. Defendant Howell is entitled to absolute judicial immunity from suit for all judicial acts performed in the course of conducting misconduct hearings. *Shelly v. Johnson,* 849 F.2d at 229; *see Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). Therefore, she is entitled to summary judgment plaintiff's claims.

### B. *Remaining Defendants*

Plaintiff claims that defendant Klapish has repeatedly threatened and harassed him. Plaintiff states that defendant Klapish conducts shakedowns without justification, issues misconducts simply to harass plaintiff, and has grabbed the rear middle belt loop of plaintiff's pants, jerking them upward. Plaintiff has attached a letter purportedly written to Deputy Warden Adams concerning defendant Klapish's conduct. Plaintiff claims defendant Adams has done nothing to rectify the situation.

■ As a prisoner incarcerated under a criminal conviction, plaintiff is protected by the Cruel and Unusual Punishments

The civil rights statutes require specific allegations of facts indicating a deprivation of rights. *See Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir.1971). Since general, conclusory allegations are insufficient to justify relief under the civil rights laws, the court will not spend any more time discussing a First Amendment claim in this case. *See Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986).

Clause of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977). This clause embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981); *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). As to plaintiff's general claim of harassment, however, allegations of verbal abuse, threats, or harassment by a guard to a prisoner are not cognizable under section 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Rahman v. Stephenson*, 626 F.Supp. 886, 888 (W.D.Tenn.1986); *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D. Mich.1980). Plaintiff's allegations here, if true, state no more than simple torts (defamation, assault and battery) by defendant Klapish. Although such allegations may support claims in a state court under the tort law of the state, they do not support a civil rights action cognizable in federal court. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Studen v. Beebe*, 588 F.2d 560, 566 (6th Cir.1978); *Walker v. Cahalan*, 542 F.2d 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1647, 52 L.Ed.2d 357 (1977). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

██ Liberally read, the complaint also alleges that defendant Klapish denied plaintiff due process of law when he charged plaintiff with a misconduct without justification, simply for harassment purposes. (This is the misconduct charge on which defendant Howell later found plaintiff guilty.) Even assuming, *arguendo*, that the charge was motivated by a desire to harass, a prison inmate is not denied due process by being falsely accused of a violation of prison rules, so long as the inmate gets the opportunity to rebut the charge at a hearing. *See Freeman v. Rideout*, 808 F.2d 949 (2d Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 1273, 99

L.Ed.2d 484 (1988). Here, defendants' attachments show that plaintiff was accorded a full hearing by a professional hearing officer before the imposition of any punitive measures against him.

██ As for defendant Adams, plaintiff's only complaint is that defendant Adams failed to do anything regarding defendant Klapish's conduct after plaintiff sent defendant Adams a letter. Defendant Adams' unrefuted affidavit states that he never received such a letter (Adams Aff., ¶ 2). Moreover, the copy of the supposed letter submitted by plaintiff bears no heading indicating that it was sent to or intended for defendant Adams. Even assuming, *arguendo*, that defendant Adams received the letter, read the letter, and chose to ignore it, defendant Adams still would not have violated any of plaintiff's constitutional rights. Taken as true, plaintiff's allegations establish only that defendant Adams was negligent or failed to exercise due care in addressing plaintiff's concerns about defendant Klapish. Liability under section 1983 cannot be predicated on simple negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Accordingly, for defendant Adams' actions to constitute cruel and unusual punishment, his conduct "must involve *more than* ordinary lack of due care" for plaintiff's interests or safety. *See Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084.

In summary, plaintiff's harassment allegations against defendants fail to implicate the Eighth Amendment. As for defendant Adams, even if the Eighth Amendment had been implicated, he would be guilty of no more than simple negligence and could not be liable under section 1983. Accordingly, defendants are entitled to summary judgment.