**Ronald J. MEADOWS, Plaintiff,**

v.

**GIBSON, et al., Defendants.**

**No. 94–2224–Ml/A.**

United States District Court,
W.D. Tennessee,
Western Division.

June 13, 1994.

Ronald J. Meadows, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge

Plaintiff, Ronald J. Meadows, an inmate at the Shelby County Correctional Center, (SCCC), has filed another series of complaints under 42 U.S.C. § 1983, against various SCCC employees.[1]

This particular member of the series again seeks to elevate to federal status disputes with SCCC officials arising out of plaintiff's disagreement with them over the balance in his commissary account. Plaintiff sues two counselors, Gibson and Allen. He alleges no actions whatsoever by counselor Allen. He alleges that counselor Gibson provided him with a grievance form to request that his commissary account be reimbursed in the amount of $3.99, but the defendant told him to restrict the grievance to requesting the reimbursement. But when he began to complete the form:

> "thoughts entered my mind that I've never filled out a complaint form with just one sentence before. I looked at the complaint form, and I noticed all the unanswered questions on the form and instinctively I began to fill in the blanks before I realized it."

Complaint at 4. When Counselor Gibson received the form, she shouted at plaintiff in front of other inmates for not following her instructions, and gave him a second form to be properly completed. Emboldened by the opinion of the other inmates·that a counselor could not limit what plaintiff is allowed to write on a grievance, he decided to file suit

---

1. About two years ago, Meadows filed seven complaints, all of which were dismissed as frivolous under section 1915(d):

*Meadows v. Dyson*, 92–2380–4 (W.D.Tenn.1992).
*Meadows v. McCoy*, 92–2378–G (W.D.Tenn.1992).
*Meadows v. Verner*, 92–2377–Tu (W.D.Tenn.1992).
*Meadows v. Haynes*, 92–2376–H (W.D.Tenn.1992).
*Meadows v. Suggs*, 92–2231–Tu (W.D.Tenn.1992).

*Meadows v. Bishop*, 92–2189–4 (W.D.Tenn.1992).
*Meadows v. Thomas*, 92–2187–G (W.D.Tenn.1992).

For a time thereafter, it appeared that Meadows had been released, the court having not heard from him. In March, however, he reopened his correspondence with this district. His first case, *Meadows v. Bishop, et al.*, No. 94–2171–Ml/Bro, was dismissed as frivolous under *Hudson v. Palmer*. This series of complaints followed.

instead of filing the grievance. He seeks $9,999.99 in damages.

When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985). As to counselor Allen, the complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

■ To the extent that Meadows seeks damages because his commissary account is short, as this court has twice held in his previous cases, claims for deprivation of property are not actionable under section 1983. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir.1985). Plaintiff cannot sue under section 1983 to recover amounts that he claims have been improperly deducted from that account. That claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton*, —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831–32.

■ As to plaintiff's claim that counselor Gibson violated his rights by yelling at him, being disrespectful, and embarrassing him, he has not suffered the deprivation of any constitutional right. Mere verbal harassment does not inflict pain so as to amount to the "obduracy and wantonness" required for a violation of the Cruel and Unusual Punishments Clause. *See Wilson v. Seiter*, 501 U.S. 294, 298–99, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (verbal abuse or harassment does not constitute punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. at 298, 111 S.Ct. at 2324, it does not mandate polite prison guards or officials. Derogatory or abusive language and conduct do not give rise to a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Banks v. Klapish*, 717 F.Supp. 520 (W.D.Mich.1989); *Gilson v. Cox*, 711 F.Supp. 354 (E.D.Mich.1989); *Rahman v. Stephenson*, 626 F.Supp. 886, 888 (W.D.Tenn.1986).

■ To the extent that Meadows claims he was deprived of due process rights by Gibson's failure to allow him to file his grievance, he has no claim. There is no constitutional right to a grievance procedure. *See, e.g., Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991); *Flowers v. Tate*, 925 F.2d 1463 (6th Cir.1991); *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.Mo.1986); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill.1982). When prison officials adopt such procedures, they may set the terms and conditions under which the grievance may be filed. Thus, contrary to plaintiff's belief, counselor Gibson could instruct him to complete only part of a form, or to limit the scope of a grievance to one specific matter.

Plaintiff's speculation that he was only provided with the second grievance form because Gibson learned that he was preparing a lawsuit is utterly frivolous. The defendant's motive in providing plaintiff with access to the grievance procedure is irrelevant.

Finally, plaintiff has no complaint about lack of access to the grievance procedure because he was provided an opportunity to avail himself of that procedure, and deliberately chose to forego it in favor of filing this frivolous lawsuit.

As the court has previously reminded this plaintiff, prison officials may set rules for prison inmates, and may insist that he follow them. Prisoners may not pick and choose which prison rules they will obey.

This complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton*, —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831–32.

As the complaint is frivolous, it is **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

■ The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

■ The final issue to be addressed is plaintiff's wanton and flagrant abuse of the judicial system. Meadows has repeatedly filed the same frivolous and noncognizable claims involving loss of property, rudeness by prison officials and guards, his refusal to follow the most basic prison rules, and his insistence that he be permitted to dictate prison conditions to SCCC officials. *Cf. Franklin v. State of Oregon,* 563 F.Supp. 1310, 1317 (D.Ore.1983) ("Franklin has filed a civil rights complaint in this court every time somebody does something he does not like."). He has sought to have this court interject itself into the minutiae of prison administration, and to elevate to federal status every insignificant squabble between him and prison authorities. This court's time and energy have been distracted long enough from significant cases (including prison cases involving allegations of serious deprivations of real constitutional rights) by these petty conflicts. It is clear that the plaintiff is a vexatious litigant who is abusing the federal court's jurisdiction in an attempt to harass the defendants. *See Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987). This court has the obli-gation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

*In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1985). *See also Winslow v. Romer,* 759 F.Supp. 670, 677–78 (D.Colo.1991); *Kersh v. Borden Chemical, Div. of Borden, Inc.,* 689 F.Supp. 1442, 1452–53 (E.D.Mich.1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. *See Filipas v. Lemons. See also Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins,* 795 F.2d 900 (10th Cir.1986); *Procup v. Strickland,* 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1232 (9th Cir.1984); *In re Martin–Trigona; In re Green,* 215 U.S.App.D.C. 393, 669 F.2d 779 (D.C.Cir.1981) (per curiam); *Green v. Warden,* 699 F.2d 364 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *Green v. White,* 616 F.2d 1054, 1056 (8th Cir.1980) (per curiam); *Gordon v. Department of Justice,* 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics,* 468 F.2d 837 (3d Cir.1972). The court must take care not to impose restrictions that would preclude the party from all access to the courts. *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986); *Sires v. Gabriel,* 748 F.2d 49, 51 (1st Cir.1984).

Furthermore, Meadows invariably violates Rule 8 of the Federal Rules of Civil Procedure by submitting a separate complaint for each defendant. In fact, he has submitted different complaints to assert separate claims against the same defendant. This imposes a serious administrative burden on this court and the clerk's office, which must process these multiple filings.

The court has considered how to prevent Meadows from abusing the judicial system by continuously attempting to litigate the same or similar frivolous claims, without also completely preventing his access to the courts. *See, e.g., Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access). *See also Lyons v. Randall,* 834 F.2d 493, 496 (5th Cir.1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity). The court therefore will enter the following injunction, prohibiting Meadows entirely from raising certain types of claims and prohibiting him from filing a case raising any other claims unless the complaint is accompanied by a motion and an affidavit similar to those required by the district courts in *Winslow,* 759 F.Supp. at 683–85; and *Kersh,* 689 F.Supp. at 1452–53.

Accordingly, this Court enters the following **Permanent Injunction** which shall take immediate effect upon entry of this Order:

(a) Plaintiff, Ronald J. Meadows, is precluded and restrained from filing any new actions in the United States District Court for the Western District of Tennessee without obtaining leave of this Court. He is also precluded and restrained from filing any new actions in any federal court based on claims for deprivation of property in the Shelby County Correction Center. This required action by Meadows shall be deemed to be a condition precedent to the commencement of any legal action by him. Failure by Meadows to seek leave of Court shall be grounds for dismissal.

(b) To request leave of court, plaintiff shall file, along with any future complaint:

(1) a motion requesting permission of the court to file;

(2) an affidavit certifying under penalty of perjury as provided by 28 U.S.C. § 1746 that:

(A) he has read and understood Rule 11 of the Federal Rules of Civil Procedure;

(B) that the complaint contains claims he knows to be reasonably based in law and fact;

(C) that he has researched the law and that he knows that the claims in the complaint are subject to the jurisdiction of a federal court;

(D) that he is aware that filing any further frivolous actions will result in the imposition of monetary sanctions by the court;

(E) that none of the defendants to the new action were defendants in any previous action that was dismissed as frivolous; and,

(F) that the plaintiff, Meadows, has been enjoined by this court in this case, and shall state the style, jurisdiction, and docket number of this action.

(3) He must also attach as an exhibit to the affidavit a list that states:

(A) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file, and

(B) the full caption of each and every suit which he has currently pending.

(4) As a second exhibit to that motion, he must provide a copy of each Complaint covered by requirement (3)(A) above and a certified record of its disposition.

(5) As a third exhibit to that motion, he must attach a copy of this order.

(c) Additionally, any complaint filed by Meadows shall be only on a preprinted form obtained from the clerk of court, and shall not exceed three sheets of 8½ by 11 inch paper, one side to a sheet.

(d) Additionally, any complaint filed by Meadows must incorporate only the defendants and claims that he is bringing at that time. He must enclose with the original of the complaint three copies identical to that original. The copies may be made either by hand or machine, but must be identical. Meadows shall *NOT* file multiple complaints against the same defendant, and he shall not fragment his complaint by filing a separate

complaint for each claim he wishes to assert.

A complaint filed by plaintiff without this motion, affidavit, and exhibits will be dismissed immediately for failure to comply with this Order. Furthermore, the court will then impose further sanctions against the plaintiff, including a monetary fine, which may be collected directly from his prison trust fund or commissary accounts.

Plaintiff is **ORDERED** not to file any further documents in this action other than a notice of appeal presented on the form available for that purpose from the clerk's office. The clerk shall not accept for filing in this action any documents whatsoever except for that notice of appeal.

The court would add that the dismissal of this action, and the setting of reasonable limits on plaintiff's litigiousness, should not be construed by SCCC officials as an invitation to act in disregard of the constitutional rights of this or any other inmate. A copy of this order shall be delivered to Ron Bishop, the Director of the Division of Correction.

**IT IS SO ORDERED.**