**Johnnie FLOURNOY, Plaintiff,**

v.

**J.W. FAIRMAN, et al., Defendants.**

No. 93 C 2959.

United States District Court,
N.D. Illinois,
Eastern Division.

March 6, 1995.

Johnnie Flournoy, Memphis TN, pro se.

Terry L. McDonald, David S. Meyerson, Cook County State's Atty., Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff Johnnie Flournoy (Flournoy) brings this action under 42 U.S.C. § 1983 against defendants J.W. Fairman, Executive Director of the Cook County Department of Corrections (Fairman) and Farris Mercherson (Mercherson), a social worker at the Cook County Jail. Flournoy, a pretrial detainee at the Cook County Jail, alleges that he has been denied visitation in violation of the due process clause of the Fourteenth Amendment, and that defendants have failed to follow the prison grievance procedure, also in violation of the Fourteenth Amendment. In our memorandum and order of November 30, 1994, we granted Fairman's motion to dismiss in part and denied it in part, finding that Illinois law created a protected liberty interest in visitation, that Fairman is protected from individual liability by qualified immunity, and that Fairman is potentially liable in his official capacity. Before us now is Fairman's motion under Rule 60(b) to recon-sider our earlier order, and Mercherson's motion to dismiss under Rule 12(b)(6). For the reasons that follow, both Fairman's motion and Mercherson's motion are granted.

## BACKGROUND

Since this is still a motion to dismiss we must accept the well-pleaded allegations of Flournoy's complaint. *Land v. Chicago Truck Drivers,* 25 F.3d 509, 511 (7th Cir. 1994). Flournoy claims that on six separate occasions friends and family members were denied the right to visit him. His complaint sets forth the jail's explanation for each denial of visitation, which generally fall into four categories: (1) the visitors arrived with too little time left in the visiting hours to allow for visitation, (2) the visiting room was too crowded, (3) the visitor's failure to produce adequate identification, and (4) the visitors did not know on what tier Flournoy was being housed. The complaint also alleges that Mercherson, who was assigned to pick up inmate grievances, failed to pass those grievances along to the proper authorities. Flournoy seeks compensatory and punitive damages, as well as injunctive relief. Fairman argued originally, and maintains in this motion, that even if we accept Flournoy's allegations as true there has been no violation of the Constitution. Mercherson argues that Flournoy has not alleged the deprivation of a constitutional right, that he has failed to allege an injury, and that his prayer for equitable relief is barred by the Seventh Circuit's decision in *Martin v. Davies,* 917 F.2d 336, 339 (7th Cir.1990), *cert. denied,* 501 U.S. 1208, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991).

## DISCUSSION

### A. Defendant Fairman

#### 1. Standard under Rule 60(b)

Although Rule 60(b) affords relief in only rare circumstances, *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir. 1986), it does allow a court to correct earlier mistakes of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987), *modified on other grounds,* 835 F.2d 710. Fairman argues that we miscon-

strued an Illinois statute in concluding that Flournoy has a protected liberty interest in visitation.

## 2. *Existence of a Constitutional Right To Visitation*

It is axiomatic that for a plaintiff to succeed on a § 1983 claim he must show that the defendant deprived him of some right protected by the Constitution or federal law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Flournoy maintains that the denial of visitation violated his due process rights secured under the Fourteenth Amendment. Recognizing that the Supreme Court has held that the due process clause does not directly grant inmates the right to unfettered visitation, *see Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989), Flournoy has relied on two other theories to support his claim that he has a constitutional right to visitation: (1) that the denial of visitation was a form of punishment which violated his due process right as a pretrial detainee to be free from punishment,[1] and (2) that Illinois law has created a liberty interest in visitation. We examine each theory in turn.

### a. *Was Denial of Visitation Punishment*

■ To establish a claim of unconstitutional punishment a pretrial detainee must establish either a punitive motive on behalf of the prison officials or, absent such evidence, that the prison procedure is not "reasonably related to legitimate governmental objectives." *Block v. Rutherford,* 468 U.S. 576, 585–86, 104 S.Ct. 3227, 3232, 82 L.Ed.2d 438 (1984). Flournoy has not alleged any facts indicating that the prison officials had any punitive intent in denying him visitation. Thus, to prevail, Flournoy must show that the jail's justifications for denying him visitation are not reasonably related to a legitimate governmental objective.

■ We find that Flournoy cannot make this threshold showing. The policies and practices that Flournoy complains of reasonably relate to the need to maintain internal security at the jail—unquestionably a legitimate governmental objective. A jail does not "punish" a pretrial detainee by refusing to admit visitors in an already overcrowded visiting room or by requiring visitors to produce proper identification. These practices are a logical and sensible way to maintain security during visiting hours. In addition, it is perfectly sensible that the prison not admit visitors when there is insufficient visiting time remaining to justify the burden of producing the detainee, nor is it unreasonable for the jail to require visitors to know what tier the detainee is being housed on, considering the hundreds of detainees housed at the jail. Therefore, even if we accept Flournoy's allegations as true, he has still failed to allege any facts indicating that the jail's decision not to admit his visitors was a form of punishment.

### b. *Visitation Under Illinois Law*

■ The Supreme Court has held that "state law may create enforceable liberty interests in the prison setting," *Kentucky Dept. of Corrections,* 490 U.S. at 461, 109 S.Ct. at 1909. For a constitutional right to be created in this way the prisoner must point to state statutes or regulations that "contain 'explicitly mandatory language,' *i.e.,* a specific directive to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.* at 463, 109 S.Ct. at 1910 (quoting *Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983)).

■ In our earlier order we concluded that 730 ILCS 5/3–7–2(f) contained sufficiently mandatory language to create a protected liberty interest to visitation. Fairman argues that 730 ILCS 5/3–7–2(f) does not grant Flournoy a protected interest in visitation

---

1. The Supreme Court held in *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979), that "under the Due Process Clause, a detainee must not be punished prior to adjudication of guilt or innocence with due process of law."

because that statute is not applicable to him. The statute in question states in part that the department shall permit every committed person to receive visitors, except in case of abuse of the visiting privilege or when the chief administrative officer determines that such visiting would be harmful or dangerous to the security, safety or morale of the institution or facility.

A different statute that we failed to consider in our earlier order, 730 ILCS 5/3–1–2, defines the term "Department" to be "the Department of Corrections of this State." Flournoy is a pretrial detainee being housed by the Cook County Department of Corrections, not the Illinois Department of Corrections. We agree with Fairman that 730 ILCS 5/3–7–2(f) is not applicable to Flournoy. Therefore, our earlier order relying on that statute was erroneous.

■ That of course is not the end of inquiry. We must also examine the statute or regulation that governs the practice of visitation at the Cook County Jail. Fairman has directed us to Title 20, Chapter I sec. 701.200 of the Illinois Administrative Code, which contains the Illinois County Jail Standards. Subsection (b) of that regulation provides the minimum standards that govern visitation. The five minimum standards provided in the regulation are:

A) Regulations shall provide a schedule, identifying no fewer than two visiting days each week, one of which must be during the weekend.

B) At least one visit per week per detainee shall be allowed, except when an individual detainee has been assessed a disciplinary penalty for a visiting regulation infraction.

C) Visits shall not be less than 15 minutes.

D) Two or more persons permitted to visit at the same time shall count as a single visit.

E) There shall be no age restriction on visitors when a child is accompanied by a parent or guardian.

The parties have not cited, nor have we found, a case which examines whether section 701.200(b) creates a liberty interest in visitation in county jails. Fairman argues that the standards set forth are only in procedural guidelines which do not create any substantive rights. *See Pardo v. Hosier,* 946 F.2d 1278, 1282 (7th Cir.1991). We disagree. Many of the regulations contain explicitly mandatory language affording the county no discretion. In many of these regulations, once the statutory condition precedent has been met, the right to visitation flows automatically. For example, subsection (E) expressly states that a child *shall* be allowed to visit if accompanied by a guardian. Thus, if the condition precedent is met, *i.e.,* accompaniment by a guardian, a child must be allowed to visit unless a different regulation allows the jail to deny visitation. The other subsections contain similar language.

Fairman's reliance on *Pardo* is misplaced. *Pardo* only holds that when a state establishes procedural guidelines to prevent the deprivation of certain rights, the state has not created a substantive right to that procedure. The regulation in question here however does not establish procedures, but specifies when and if a prisoner is entitled to visitation. In that respect the regulations create a protected liberty interest in visitation in certain situations.

■ Section 701.200(b) does not, however, grant pretrial detainees an unfettered right to visitation. Rather, the inmates are entitled to only those rights specifically enumerated in the regulation. Section 701.200(b) delineates the "minimum standards" for visitation, thereby leaving counties free to adopt other practices or procedures consistent with those contained in § 701.200(b) to govern visitation at their jails. The practices and procedures that Flournoy complains about, *see supra,* do not contradict the minimum standards contained in the regulation. Flournoy does not allege, for example, that visits were limited to less than fifteen minutes or that the jail does not schedule at least two visiting periods per week. Rather, he complains of procedures which are necessary to maintain the internal security of the jail and do not contradict § 701.200(b). Because Flournoy does not allege that the jail denied him any of the five rights contained in § 701.200(b), he has failed to allege that Fairman deprived him of a right secured by the Constitution or federal law and, there-

fore, he has failed to properly plead a claim under § 1983.

Since we find that Flournoy has failed to allege the deprivation of a constitutional right we need not address Fairman's other arguments.

### B. *Defendant Mercherson*

Flournoy claims that Mercherson is the person responsible for receiving inmate complaints and ensuring that they are forwarded to the proper individuals, and that Mercherson has refused to process his grievances in the manner provided by the jail's rules. Mercherson responds that Flournoy does not have a constitutional right in a grievance procedure, that he has failed to allege an injury, and that he is a covered person under the *Duran v. Sheahan,* No. 74 C 2949 (N.D.Ill.1982), consent decree, and cannot maintain a separate action for injunctive relief.

We agree with Mercherson that Flournoy has not alleged the deprivation of a constitutional right. Since there is no constitutional provision directly granting inmates a right to a grievance procedure, the only constitutional provision implicated by Mercherson's alleged actions is the due process clause of the Fourteenth Amendment. As was discussed above, even if there is no constitutional provision directly granting a right, "state law may create enforceable liberty interests in the prison setting." *Kentucky Dept. of Corrections,* 490 U.S. at 461, 109 S.Ct. at 1909.

Unlike the Illinois regulations governing visitation, the regulations governing the grievance procedure do not create a substantive right to those procedures. The Seventh Circuit has recognized a clear difference between the procedural guidelines a state promulgates to prevent the deprivation of substantive rights and the creation of the substantive right itself. *Pardo,* 946 F.2d at 1282; *see also Shango v. Jurich,* 681 F.2d 1091, 1101 (7th Cir.1982) (holding that inmates do not have a protected interest in the procedures promulgated for the intrastate

transfer of prisoners). What is needed (and is present in the visitation regulations) is a directive to the agency that if a statutory condition precedent is met, a certain result must follow. The procedural guidelines in place here, however, only describe the process by which an inmate may complain. There is no substantive entitlement to a particular form of process—no result must follow the satisfaction of a condition precedent. If Flournoy has a complaint of constitutional dimensions he can seek redress in federal court, which he has done in this case. He cannot insist, however, that his complaint must be heard through a prison grievance procedure. In concluding that a prison grievance system does not create substantive rights, we are in accord with a great number of courts who have addressed the issue. *See Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D.Ill.1982); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *Meadows v. Gibson,* 855 F.Supp. 223, 225 (W.D.Tenn.1994).[2]

Since we conclude that Flournoy has failed to allege the deprivation of a constitutional right, we need not address Mercherson's other arguments.

### *CONCLUSION*

For the reasons stated above, defendant Fairman's motion for reconsideration is granted and his renewed motion to dismiss is also granted; defendant Mercherson's motion to dismiss is granted.

---

2. We are not faced here with a claim that a certain governmental action cannot be taken unless the prisoner is first afforded due process, such as is the case with disciplinary sanctions. Rather, Flournoy is complaining that the government took action that it could not take, with or without due process, respecting visitation.