Maximiliano Amparo CONCEPCION,
Plaintiff,

v.

Antonio J. Negroni CINTRON, Superior
Judge, San Juan, Superior State
Court, Et Al., Defendants.

Civ. No. 94–2752 (DRD).

United States District Court,
D. Puerto Rico.

Aug. 25, 1995.

**58**

Maximiliano Amparo Concepcion, Rio Piedras, PR, pro se.

Anita Hill–Adames, Department of Justice, Federal Litigation Division, San Juan, PR, for Antonio J. Negroni Cintron, Judge.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the Court is Plaintiff[1] Maximiliano Amparo Concepcion's *pro se* and *in forma pauperis*, action against Judge Antonio J. Negroni Cintron, The Commonwealth of Puerto Rico Department of Justice, and the Commonwealth of Puerto Rico, filed on December 29, 1994, under 42 U.S.C. § 1983. (See docket 2). Plaintiff brings this action as a result of Superior Court Judge Antonio J. Negroni Cintron's **dismissal** of Plaintiff's State claims, filed on July 1994.

One of these claims (KDP 94–0836) relates to an alleged civil rights violations committed by state correction officers, which was dismissed for lack of jurisdiction[2]. Plaintiff's second claim (KDP 94–1027) relates to a malpractice suit he filed against his trial attorney in the Superior Court, San Juan Part. The Superior Court **denied** Plaintiff's request for authorization to proceed *pro se* in said action against his former attorney. Plaintiff alleges that the Superior Court deprived him of his right to proceed *pro se*,

when an order was issued by the trial court advising that the Complaint would be dismissed should Plaintiff not obtain the service of an attorney within ninety (90) days. (See docket 2)

On February 27, 1995, Plaintiff filed an Amended Complaint which was authorized to be docketed as part of the record on April 25, 1995, by Magistrate Judge Aida M. Delgado Colon. (See docket 4). The amended Complaint includes all the Judges of the Commonwealth of Puerto Rico Supreme Court, as new Defendants in this action, for their denial of Plaintiff's petition to appear *pro se* on appeal of his criminal conviction for possession of forged documents.

In his Complaint Plaintiff purports that although, Judges and members of the Judicial system who act under a Court's directive are immune from lawsuits for damages, "[t]hey are not immune from declaratory reliefs." Plaintiff's assertions of plausible declaratory relief are also unsound and flawed as is the § 1983 claim against the State Judges. Hence, under the facts of this case, the Court **decrees** the dismissal of the § 1983 Complaint, and of the Declaratory Judgement relief requested, except as to Judge Negroni Cintron.

Plaintiff alleges that because his "assigned attorney withdrew from the case after the sentence, he was forced to file a notice of appeal *pro se*[3]". The Supreme Court of Puerto Rico eventually, **denied** said request and appointed an attorney from the Legal Aid Society, to assist Plaintiff on appeal of his criminal conviction.

Because Plaintiff was denied his petition to proceed *pro se* on the action against his attorney, and on appeal of his criminal conviction, he purports to have been denied his "constitutional right of a counsel of his choice" and of his "constitutional right of access to the Court." (See Docket Nos. 2

---

1. Plaintiff was convicted for possession of forged documents, and sentenced to sixteen (16) years in prison.

2. In his Complaint (docket 2), Plaintiff alleges that Judge Antonio J. Negroni Cintron denied his action *in forma pauperis* for lack of jurisdiction, since the summons and the Complaint were never served on the Defendants.

3. Plaintiff alleges, he requested to appear *pro se* pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and that he did not wish to be represented by counsel on appeal.

and 4). This assertion is unsubstantiated by the fact that the Supreme Court of Puerto Rico **accepted** Plaintiff's *pro se* appearance dated September 1, 1994, and postponed consideration of the "Motion Requesting Order and Request for *Pro se* representation on appeal [4]", subject to the approval and recommendation of Legal Aid Society [5]. Because of Plaintiff's failure to place The Court in a position to evaluate his case by not including the necessary documentation requested by the Rules of the Court, the Supreme Court **denied** Plaintiff's action [6]. It was Plaintiff's own gross non-compliance with jurisdictional requirements, and utter disregard of Court Rules and Procedures which moved the Court to deny Plaintiff's action on appeal. Hence, in light of Plaintiff's marred petition, whether Plaintiff was represented by the Legal Aid Society, or *pro se* is inconsequential.

Under the facts of this case, not only are Plaintiff's alleged constitutional violation groundless and meritless, but by virtue of the doctrine of "judicial immunity" all Defendants included herein are absolutely immune from suit.

The following discussion centers in the analysis of the right of a defendant to self-representation, the nature and inquest of absolute "judicial immunity", and whether dismissal of this case is warranted under 28 U.S.C. § 1915.

### I—Is Plaintiff's constitutional right to represent himself absolute and unrestrictable?

■ As determined in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the seminal Supreme Court decision on right to self-representation under the Sixth Amendment, the right to self-representation by an accused is not absolute inasmuch as the trial court may terminate such right at any time, and appoint stand by-counsel, if termination of self-representation is warranted [7].

■ The trial judge has ample discretion in determining whether or not to appoint standby counsel. See *Molino v. Dubois,* 848 F.Supp. 11, 14 (D.Mass.1994), citing *Neal v. State of Texas,* 870 F.2d 312, 315–16 (5th Cir.1989).

At the State level Plaintiff exercised his constitutional right to counsel and was assisted by a court appointed counsel [8]. Furthermore, The Supreme Court of Puerto Rico **denied** Plaintiff's *pro se* request for his own failure to adequately comply with procedural requirements of the Court. In *Faretta,* there is no indication, as claimed by Plaintiff, that a prisoner has the right to counsel of his choice on appeal, or that he has a constitutional right to represent himself at a stage where specific knowledge of procedural and substantive law is required. "A district court is not obliged to accept every defendant's invocation of the right to self-representation." See *U.S. v. Betancourt–Arretuche,* 933 F.2d 89, 92 (1st Cir.1991), citing *United States v. Purnett,* 910 F.2d 51, 55 (2d Cir. 1990).

Clearly then, because Justices of The Supreme Court of Puerto Rico, nor Judge Antonio J. Negroni Cintron are constitutionally

---

**4.** See The Commonwealth of Puerto Rico Supreme Court's "RESOLUCION" dated October 28, 1994, which has been included as part of the record in the case of caption.

**5.** See Commonwealth of Puerto Rico "RESOLUCION", dated November 29, 1994. Because of this resolution, The Legal Aid Society assumed Plaintiff's representation.

**6.** See "RESOLUCION" dated December 20, 1994.

**7.** The Court in *Faretta* acknowledged, in a footnote, that when a defendant waives counsel and elects to exercise his *Faretta* right of self-representation, the trial judge "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused, in the event that termination of the defendant's self-representation is necessary." *Faretta,* 422 U.S. at 834 n. 46, 95 S.Ct. at 2540 n. 46.

**8.** "[T]he right of counsel is, in a sense, the paramount right; if wrongly denied, the defendant is more likely to be more seriously injured than if denied his right to proceed pro se." See *Tuitt v. Fair,* 822 F.2d 166, 174 (1st Cir.), cert. denied, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987). See also *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). (courts should honor "every reasonable presumption against waiver" of the right to counsel).

compelled to accept Plaintiff's invocation or request to self-representation, or said denial does not otherwise constitute an infringement or desecration of Plaintiff's alleged right to self-representation, the court hereby, **agrees** with the Hon. Magistrate's Report and Recommendation, docket 9, that **dismissal** of Plaintiff's request to appear *pro se* is apposite and warranted[9].

## II—Does denial of Plaintiff's petition to appear *pro se* constitute an abuse of judicial discretion that would oust immunity?

"Absolute immunity" is defined as "[t]he right to be free not only from the consequences of the litigation's results, but from the burden of defending oneself altogether." 46 Am.Jur.2d, *Rule of Absolute Judicial Immunity* § 68.

■ Judges enjoy a "comparatively sweeping" form of absolute immunity,[10] which is not annulled by a state's Government Torts Claim Act. Hence, absolute judicial immunity hinders any suit for money damages against individual judicial defendants, when the judge has jurisdiction over the subject matter and is performing a judicial act. *Id.*

■ Furthermore, "[J]udges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." See *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). This immunity applies no matter how erroneous the act, how injurious its consequences, how informal the proceeding, or how malicious the motive. See *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989), citing *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Only judicial actions taken in clear absence of jurisdiction will deprive a judge of immunity.

"[I]t is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act, and however evil the motive." See *Johnson v. Kegans*[11], 870 F.2d 992, 995 (5th Cir.1989), citing *Stump v. Sparkman*[12], 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Although judicial immunity, as outlined in *Stump v. Sparkman, Id.* is quite broad, it has been subject to two requirements by the First Circuit. "First, the immunity pertains only to those acts "judicial" in nature ... **Second, a judge will not benefit from judicial immunity and will be exposed to liability for his actions when he acted in the clear absence of all jurisdiction.**" (emphasis ours) See *Martinez v. Junta de Planificacion de Puerto Rico,* 736 F.Supp. 413 (D.Puerto Rico 1990).

The U.S. Supreme Court has expounded that whether an act by a judge is to be deemed "judicial" depends on the nature of the act itself, such as whether it is a function normally performed by a judge, and whether, to the parties's expectation, this act dealt with the judge in his official capacity. See *Martinez,* 736 F.Supp. 413 citing *Stump,* 435 U.S. at 361, 98 S.Ct. at 1107.

■ In determining whether an act is considered "judicial" for immunity analysis purposes, the Fifth Circuit relies on a four-part test, better known as the "McAlester test". The four-part test provides as follows: (1) whether the precise act complained of is a

---

9. Moreover, Plaintiff has failed to set forth if or how he has been prejudiced by having legal representation on appeal.

10. *Id.,* citing *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

11. The issue in this case is whether the District Court erred in dismissing as frivolous pursuant to 28 U.S.C. § 1915(d), an *in forma pauperis* action by a state prisoner seeking damages from an injunctive relief against a county prosecutor and a state court judge under 42 U.S.C. § 1983. The Circuit Court **affirmed** the District Court's Decision and held that the judge and prosecutor are absolutely immune from liability for damages and that the allegations for injunctive relief were insufficient.

12. See also *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), *Cok v. Cosentino,* 876 F.2d at 2; *Holloway v. Walker,* 765 F.2d 517, 522–25 (5th Cir.1985), cert. denied, 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985); *Adams v. McIlhany,* 764 F.2d 294, 297–99 (5th Cir.1985), cert. denied 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986); *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity". Moreover, whether an act is considered "judicial", is broadly construed in favor of immunity. See *Adams*, 764 F.2d at 297, citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).

There is no doubt that Plaintiff's request to appear *pro se* by Judge Antonio J. Negroni Cintron and the Supreme Court, is not actionable due to Plaintiff's non-compliance with the two requirements set forth by the First Circuit, as well as with all four McAlester factors, since said acts were not carried out in absence of jurisdiction. The acts of the Judges qualify as "judicial acts" for immunity purposes. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e. whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his official capacity." *Stump*, 435 U.S. at 361, 98 S.Ct. at 1107.

 The denial of Plaintiff's invocation or request for *pro se* appearance is protected as a "judicial act" which accords, vests and bestows the Defendants herein complete and absolute immunity [13] from suit. Furthermore, this denial of Plaintiff's self-representation constitutes a routine judicial act which falls within the confines of Defendants' adjudicative role, and jurisdiction. See *Cok v. Cosentino*, 876 F.2d at 2 (1st Cir.1989), citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

In the case of caption, Plaintiff has failed to plead **either** absence of jurisdiction, **or** that any of the acts complained of herein were not judicial in nature. Hence, because Plaintiff can plead no set of facts to overcome the Defendants' immunity defense, and has failed to meet his burden, **The Commonwealth of Puerto Rico of Puerto Rico Supreme Court Judges, and Superior Court Judge Antonio J. Negroni Cintron, are absolutely immune from Plaintiff's suit.** (emphasis ours) See *Cok*, 876 F.2d at 2–3.

In addition, because The Commonwealth of Puerto Rico, Superior Court, is an arm of the state, it is also immune from suit under the Eleventh Amendment. See *Mount Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 280–81, 97 S.Ct. 568, 573, 50 L.Ed.2d 471 (1977); *Puerto Rico Ports Authority v. M/V Manhattan Prince*, 897 F.2d 1, 9 (1st Cir.1990).

### III—Is dismissal of this case justified under 28 U.S.C. § 1915(d)? [14]

Pursuant to 28 U.S.C. § 1915(d), a District Court may dismiss an *in forma pauperis* Complaint or proceeding under 42 U.S.C. § 1983 if:

"(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and in fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim.[15]"

"Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that does not exist." See *Neitzke v.*

---

13. The basis and rationale of "absolute immunity" was adopted and recognized in the United States from the English common law, and its application is pivotal in order to preserve the system established for the administration of justice and the law. See *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); *Antoine v. Byers & Anderson*, 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Judicial immunity arose because it was in the public interest to have judges who were at liberty to exercise their independent and impartial judgements relating to the merits of the case, without apprehension of the personal consequences of exposure to potential damages liability from vexatious and friv-

olous actions prosecuted by disgruntled litigants. See *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

14. 28 U.S.C. § 1915(d) provides in pertinent part as follows: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, **or if satisfied that the action is frivolous or malicious.**" (emphasis ours)

15. See *Johnson v. Kegans*, 870 F.2d 992, 994 (5th Cir.1989), citing *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir.1986).

*Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

The District Court may dismiss *sua sponte* an *in forma pauperis* proceeding, *Cay v. Estelle,* 789 F.2d 318, 323 (5th Cir.1986), when it is "based on an indisputably meritless legal theory [16]", and when "on the face of the Complaint it clearly appears that the action is frivolous or malicious [17]". The District Court is vested with "especially broad discretion" when making the determination of frivolousness *vel non, Cay v. Estelle,* 789 F.2d at 325 (5th Cir.1986); *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

The Declaratory Relief requested is hereby denied because the right of Plaintiff to counsel under *Faretta v. California,* is not limited as to Supreme Court Justices. The denial of the *pro se* request came only after the court concluded that Plaintiff was incapable of complying with the rules and procedures of the court. Appointment of the Legal Aid Society was justified and does not constitute a violation of the Sixth Amendment. See *U.S. v. Betancourt–Arretuche,* 933 F.2d 89 (1st Cir.1991).

■ Relating to the Declaratory Relief allegations against Judge Antonio J. Negroni Cintron, Plaintiff alleges in his Complaint (docket 2), that Judge Antonio J. Negroni Cintron denied his action *in forma pauperis* for lack of jurisdiction, since the summons and the Complaint were never served on the Defendants. Plaintiff alleges that "on two occasions he drafted the summons, and mailed them to the Court to order the Marshall to complete the service". He further alleges that "It has been almost five (5) months since the filing of the lawsuit and the court keeps asking Plaintiff to submit the summons and Complaint and refuses to take Jurisdiction. The action of this judge of trying to confuse the Plaintiff is clearly obvious, since Rule 4 of the Rules of Civil Proce-

dure, provide that when a lawsuit is filed by a Plaintiff it is the duty of the Clerk of the court to issue the summons not the Plaintiff. Also when the motion to proceed in *forma pauperis* was **granted,** it was the duty of the judge to order service of the summons and the Complaint."

The Department of Justice, on behalf of Judge Antonio J. Negroni Cintron has yet to respond to Plaintiff's assertions relating to the allegedly deficient service of summons and of his alleged frustrated efforts to bring said service to fruition, in the Civil Rights claim (KDP 94–0836). Hence, the Court is not currently in a position to determine whether Plaintiff's allegation of declaratory relief are warranted as to him.

Furthermore, in relation to Plaintiff's second claim (KDP 94–1027) relating to a malpractice suit where Judge Antonio J. Negroni Cintron **denied** Plaintiff's request for authorization to proceed *pro se* against his former attorney, the Court is not currently in a position to determine whether Plaintiff's allegations of declaratory are warranted as to him. Plaintiff alleges that the Superior Court deprived him of his right to proceed *pro se,* when an order was issued by the trial court advising that the Complaint would be dismissed should Plaintiff not obtain the service of an attorney within ninety (90) days. (See docket 2)

For the reason stated hereinabove, after thorough consideration of the issues purported by Plaintiff in this action, particularly considering Defendants' absolute damages immunity from suit, that Plaintiff has failed to establish the abuse or bereavement of a constitutionally protected right that would bestow him of a section 1983 claim, in addition to Plaintiff's failure to timely objected to the Honorable Magistrate's Report and Recommendation [18], the Court hereby AF-

---

16. See *Hall v. Bellmon,* 935 F.2d 1106, 1108–09 (10th Cir.1991), citing *Neitzke v. Williams,* 490 U.S. at 324, 109 S.Ct. at 1831.

17. See *Neitzke v. Williams,* 490 U.S. at 324, 109 S.Ct. at 1831.

18. Pursuant to Local Rule 510.2(A), any objections to this recommendation must be filed with the Clerk of the Court within ten (10) days of

receipt of this notice. Failure to timely object to the Magistrate's Report and Recommendation within the specified time precludes further appellate review. *See United States v. Valencia,* 792 F.2d 4 (1st Cir.1986); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Borden v. Secretary of Health & Human Services,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702

FIRMS, **APPROVES and ADOPTS** the Hon. Magistrate's Report and Recommendation, except as to the Declaratory Relief requested as to Judge Antonio J. Negroni Cintron, filed on June 30, 1995, docket 9.

**WHEREFORE,** The Court hereby, **DISMISSES** Plaintiff's, § 1983 frivolous claim,[19] pursuant 28 U.S.C. § 1915(d), and Declaratory Relief claims, as against Defendants Commonwealth of Puerto Rico Supreme Court Judges Antonio Andreu Garcia, Antonio S. Negron Garcia, Francisco Rebollo Lopez, Miriam Naveira de Rodon, Federico Hernandez Denton, Rafael Alonso Alonso, Jaime B. Fuster Berlingeri, and The Commonwealth of Puerto Rico Superior Court, San Juan Part.

The court further **dismisses** Plaintiff's 42 U.S.C. § 1983, civil rights damages claims, as to The Commonwealth of Puerto Rico Superior Court Judge, Antonio J. Negroni Cintron. The Declaratory Relief as to Judge Negroni Cintron shall **continue** for the reasons set forth above.

The following documents of reference are hereby appended to this opinion and order and made a part thereof: Commonwealth of Puerto Rico Supreme Court's ORDERS, dated October 28, 1994, November 29, 1994, and December 20, 1994 in the case of *El Pueblo de Puerto Rico v. Maximiliano Amparo Concepcion*[20].

**IT IS SO ORDERED.**

## APPENDIXES

## IN THE SUPREME COURT OF PUERTO RICO

| | |
|---|---|
| The People of Puerto Rico,<br><br> Appellee | Appeal from the<br>Superior Court,<br>San Juan Part |
| v. | No. MO-94-22 |
| Maximiliano Amparo Concepción,<br><br> Defendant and appellant | Possession and<br>Conveyance of<br>Forged Documents |

---

### RESOLUTION

San Juan, Puerto Rico, October 28, 1994

The *pro se* "Motion to Inform Seeking Urgent Hearing in this Court" is hereby denied.

The August 29, 1994, *pro se* "Urgent Motion for Mandamus" is hereby denied.

The September 1, 1994, *pro se* notice of appeal is admitted. The Court will not pass upon the "Motion to Order and Allow Self-Representation on Appeal" until the following order is complied with:

The notice of appeal shall be referred to the Legal Aid Society, which shall investigate and inform the Court whether the appellant qualifies for legal representation by said enti-

---

F.2d 13, 14 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

**19.** A district court may dismiss *in forma pauperis* suit if it is "frivolous" which means that factual contentions supporting the claim are clearly baseless, or that claim is based on legal theory that is indisputably meritless (as is the claim contained in the case of caption). See *Olson v. Stotts,* 9 F.3d 1475 (10th Cir.1993). The authority of the district court to dismiss a *forma pauper-*

*is* suit as frivolous or malicious is especially broad in civil rights actions brought by prisoners under T. 42 § 1983. See *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979). Frivolousness of Complaint precludes appeal *in forma pauperis. Meadows v. Gibson,* 855 F.Supp. 223 (W.D.Tenn. 1994).

**20.** The translation of these documents is hereby **ordered.**

ty. If he does, the Legal Aid Society shall represent him on appeal. Said report shall be filed within a period of sixty (60) days following notice of this Resolution.

The Legal Aid Society will take into consideration the appellant's motion for self-representation on appeal and will express its opinion to the Court.

It was so agreed by the Court and certified by the Chief Clerk.

Francisco R. Agrait Lladó
Chief Clerk

## IN THE SUPREME COURT OF PUERTO RICO

The People of Puerto Rico,

Appellee

v.

No. MO–94–22

Maximiliano Amparo Concepción,

Defendant and appellant

Possession and Conveyance of Forged Documents

### RESOLUTION

San Juan, Puerto Rico, November 29, 1994

Having examined the motion for reconsideration of our Resolution of October 28, 1994, through which we referred the notice of appeal to the Legal Aid Society for it to investigate and inform the Court whether the appellant qualifies for legal representation by said entity and, if he does, to represent the appellant on appeal, the Court denies the appellant's motion for self-representation.

The Court also denies the "motion to review judgment" for lack of jurisdiction and gross noncompliance with the Rules of this Court.

It was so agreed by the Court and certified by the Chief Clerk. Justice Naveira de Rodón took no part in this decision.

Francisco R. Agrait Lladó
*Chief Clerk*

## IN THE SUPREME COURT OF PUERTO RICO

The People of Puerto Rico,

Appellee

v.

No. MO–94–22

Maximiliano Amparo Concepción,

Defendant and appellant

Special Division composed of CHIEF JUSTICE ANDRÉU GARCÍA and JUSTICES NEGRÓN GARCÍA and HERNÁNDEZ DENTON.

### RESOLUTION

San Juan, Puerto Rico, December 20, 1994

Having considered the motion to review as a petition for certiorari, which is the ade-

quate means, the Court denies the same for gross noncompliance with the Rules of this Court. The petitioner did not include the documents required by the Rules of this Court and has not placed this Court in a position to pass upon his petition.

It was so agreed by the Court and certified by the Chief Clerk.

(Sgd.)

Francisco R. Agrait Lladó
*Chief Clerk*